UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL MCCLAIN,

      Petitioner,

v.

                                    Case No. 08-12624
                                    Honorable Paul D. Borman

MILLICENT WARREN,

      Respondent,

_____/

**ORDER OF SUMMARY DISMISSAL (1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO PROCEED *IN FORMA PAUPERIS***

Petitioner James Michael McClain, presently confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his Fourth Amendment rights. Petitioner was convicted, twice, by two separate Oakland County, Michigan circuit court juries. In his first trial, Petitioner was found guilty of (1) conspiracy to deliver or possession with intent to deliver 450 or more but less than 1,000 grams of cocaine, MICH.COMP.LAWS § 750.157a; MICH.COMP.LAWS § 333.7401(2)(a)(ii), and (2) possession of marijuana, MICH.COMP.LAWS § 333.7403(2)(d). At that trial, the jury also acquitted Petitioner of two counts of possession of a firearm during the commission of a felony and felon in possession and was unable to reach a verdict on the remaining charges. Following those convictions, Petitioner was sentenced as a habitual offender, fourth offense, to concurrent prison terms of eight to thirty years for the conspiracy conviction, and time served for the possession-of-marijuana conviction.

Subsequently, Petitioner had a second trial. There, the jury convicted him of

(1) possession with intent to deliver 1,000 or more grams of cocaine, MICH.COMP.LAWS

§ 333.7401(2)(a)(I), (2) delivery of 450 or more but less than 1,000 grams of cocaine,

MICH.COMP.LAWS § 333.7401(2)(a)(ii), and, (3) two counts of delivery of 50 or more but less

than 450 grams of cocaine, MICH.COMP.LAWS § 333.7401(2)(a)(iii). He was sentenced as a

fourth habitual offender to concurrent terms of twenty-five to sixty years imprisonment for each

offense.

In his pleadings, Petitioner raises Fourth Amendment claims. Specifically, Petitioner

alleges that the state-trial court erred in denying his motion to suppress the drug evidence that

police seized from his residence as a result of an illegal search. For the reasons stated below, the

petition for writ of habeas corpus is summarily dismissed.

## I. Facts and Procedural History

Petitioner's convictions stem from the dealing and the delivery of drugs, specifically

cocaine. The Michigan Court of Appeals described the underlying facts as follows:

> In conjunction with law enforcement, Marty Mendieta, a drug dealer,
> arranged three drug transactions with Tim Lindeberg. The first deal commenced
> on March 1, 2004. Mendieta solicited 4 ½ ounces of cocaine from Lindeberg,
> who contacted Jerry Mason, and Mason called [petitioner]. Mason testified that
> he had bought from and sold drugs to [petitioner] in the past. Mason and
> Lindeberg met [petitioner] at a carwash, and a female in [petitioner's] car handed
> Mason a bag of cocaine. On the following day, Mendieta paid Mason and
> Lindeberg $3,500 in prerecorded funds for the cocaine. Subsequently, Mason
> went to a residence located at 26 Sanford in Pontiac and gave [petitioner] $3,000
> for the cocaine.

> On March 9, 2004, Mendieta again asked Lindeberg for 4-1/2 ounces of
> cocaine. Lindeberg contacted Mason, and Mason again called [petitioner].
> Mason and Lindeberg later retrieved the cocaine from [petitioner] at a carwash.
> Mason and Lindeberg gave the cocaine to Mendieta at Lindeberg's house in
> Independence County, and Mendieta paid $3,500. After the exchange, Mason

called [petitioner], who arranged for Mason to pay for the cocaine at a house on Rockwell Street.

The third transaction occurred on March 15, 2004, and involved Mendieta purchasing 1/2-kilogram of cocaine from Lindeberg for $14,500. Mason testified that, after speaking with Lindeberg, he contacted [petitioner]. [Petitioner] eventually told Mason to meet him at the Sanford residence. When Mason walked in the house, an unidentified man pointed to the cocaine in the kitchen sink, and Mason briefly spoke with [petitioner] before leaving. Lindeberg delivered the cocaine to Mendieta.

On March 15, 2004, police went to 26 Sanford to execute a search warrant and, after announcing their presence and receiving no response, they effectuated a forced entry. Once inside the house, officers noticed that lights were on and food was cooking on the stove, but no one was in the house. The police ultimately seized 1,233 grams of cocaine, nearly a pound of marijuana, a handgun, proofs of residency for [petitioner] and his wife, $18,075, and a taser gun. Prerecorded bills from the earlier drug buys were among the money confiscated from the residence. Officers also executed a search warrant at 227 Rockwell, and found a Nextel bill for [petitioner], sandwich baggies, and a digital scale. [Petitioner's] Nextel bill showed phone calls made between March 2, 2004, and March 15, 2004, to a cell phone used by Mason. Detective Perry Dare, an expert in drug trafficking, testified that the Rockwell residence was a "party house" and that no food or beds were in the house.

[Petitioner's] wife testified that she lived at the Sanford house, but that [petitioner] did not live there because they were separated. She claimed that [petitioner] was not at the Sanford house on March 2, 2004, March 9, 2004, or March 15, 2004. She denied any awareness of the drugs or money found in the house.

*People v. James Michael McClain*, No. 267297, 2007 WL 162575, slip op. at 1-2 (Mich.Ct.App.

Jan. 23, 2007) (unpublished).

Prior to trial, Petitioner moved to suppress the drug evidence due to the detectives'

failure to secure a properly executed search warrant before entering his property. Following an

evidentiary hearing, the trial court denied the motion to suppress.

Following his jury convictions and sentencing, Petitioner filed his right of appeal in the

Michigan Court of Appeals, which affirmed his convictions but remanded for re-sentencing.

*People v. James Michael McClain,* No. 264098, 2007 WL 162518 (Mich.Ct.App. Jan. 23, 2007);

*People v. James Michael McClain*, No. 267297, 2007 WL 162575 (Mich.Ct.App. Jan. 23, 2007).

Petitioner then filed an application for leave to appeal from those decisions in the Michigan

Supreme Court, which denied leave on June 26, 2007. *People v. James Michael McClain*, 478

Mich. 929; 733 N.W. 2d 56 (2007).

Petitioner filed his present petition for writ of habeas corpus on June 19, 2008, seeking

relief on the following grounds:

> I.    Where police obtained evidence through an improperly executed warrant
>       such evidence is inadmissible pursuant to the U.S. and Michigan
>       Constitutions.
>
> II.   Where the police search did not fall under an exception to the warrant
>       requirement, the search constitutes an illegal search and illegally obtained
>       evidence is inadmissible.

The Court has not required Respondent to file an answer to the petition.

## II.  Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in
        the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook

a detailed analysis of the correct standard of review under the AEDPA.  According to the Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied – the state-court adjudication resulted in a decision
> that (1) "was contrary to . . . clearly established Federal law, as
> determined by the Supreme Court of the United States," or (2) "involved
> an unreasonable application of . . . clearly established Federal law, as
> determined by the Supreme Court of the United States."  Under the
> "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing principle from this
> Court's decisions but unreasonably applies that principle to the facts of
> the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state-court decision under the "unreasonable application" clause, the

Supreme Court further stated that a federal habeas court "should ask whether the state court's

application of clearly established federal law was objectively unreasonable."  *Id.* at 411.

"Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not

issue the writ simply because the court concludes in its independent judgment that the relevant

state

court decision applied clearly established federal law erroneously or incorrectly.  Rather, that

application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision." *Id.* at 412. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Lastly, this Court presumes the correctness of state-court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Additionally, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F.Supp.2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

After careful review, as required by Rule 4, this Court concludes that Petitioner's Fourth

Amendment claims are non-cognizable on federal habeas review, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F.Supp.2d 524, 525-28 (E.D. Mich. 2005).

### III.  Analysis

The petition for writ of habeas corpus must be dismissed because Petitioner fails to state a claim upon which habeas relief can be granted.

Petitioner contends that the drug evidence found on his premises should have been suppressed because the police did not have a warrant to enter the premises, entered illegally, and obtained a warrant only after finding narcotics on the premises.  Petitioner's Fourth Amendment claims are non-cognizable on federal habeas review.  A federal habeas review of a petitioner's arrest or search by police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim.  *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000).  For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism.  *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim.  *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357 (1965) (motion to suppress), *People v. Harris*, 95 Mich.App. 507, 509, 291 N.W.2d 97 (1980).  Here, Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claim.  The record reveals that Petitioner challenged the propriety of the search and seizure of the drugs by filing a motion to suppress that evidence prior to trial.  The state-trial court conducted an evidentiary hearing and

denied the motion. Petitioner again raised those issues before the Michigan Court of Appeals and the Michigan Supreme Court, which denied him relief. Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. Accordingly, any claim concerning the validity of the search and seizure is not cognizable on habeas review pursuant to *Stone v. Powell.*

Thus, on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that the evidence should have been suppressed because of the illegal search, where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. *See Walendzinski v. Renico,* 354 F.Supp.2d 752, 759 (E.D. Mich. 2005); *See also Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001).

Petitioner is therefore unable to raise a Fourth Amendment claim that the evidence was the product of an illegal search when he raised the factual basis for this claim in the state-trial and appellate courts, and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Walendzinski,* 354 F.Supp.2d at 759; *See also Lovely v. Jackson,* 337 F.Supp.2d 969, 976 (E.D. Mich. 2004). Habeas relief is therefore not warranted.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree

that, the petition should have been resolved in a different manner, or that the issues presented

were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473,

483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the

merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district

court may grant or deny a certificate of appealability when the court issues a ruling on the

habeas petition. *Castro v. United States,* 310 F.3d 900, 901 (6th Cir. 2002).  A district court

therefore has the power to deny a certificate of appealability *sua sponte.  See Dell v. Straub,* 194

F.Supp.2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of

appealability because he has failed to make a substantial showing of the denial of a federal

constitutional right. *Dell,* 194 F. Supp. 2d at 659.  It would be a "rare case" in which a district

judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses

a habeas petition without requiring an answer because it plainly appeared from the face of the

petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See*

*Alexander v. Harris,* 595 F.2d 87, 91 (2nd Cir. 1979).

Against that backdrop, the Court will also deny Petitioner leave to appeal *in forma*

*pauperis*, because the appeal would be frivolous. *Dell,* 194 F. Supp. 2d at 659.

**V.  Order**

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus

is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma*

*pauperis.*


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE


Dated:  June 30, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
June 30, 2008.


s/Denise Goodine
Case Manager